LUKE LOFLAND,

*vs.*

JOSEPH MAULL.

*Sussex, July T.* 1830.

A purchaser of land, under a contract for a conveyance, claimed to set off against his bond for purchase money certain payments which he had made in satisfaction of debts due from the vendor to third persons. The contract did not, in terms, authorize the purchaser to make the payments for which credit was claimed, nor was there proof of any order or authority from the complainant specifically applying to the payments made. *Held*, that in this case there was proof, to the satisfaction of the Chancellor, of a general authority to the purchaser to apply purchase money to debts of the vendor. *But held further*, that such authority was not requisite to entitle the purchaser to the benefit of the payments,— that the complainant, upon the general principle that he who seeks equity must do equity, was bound in this court to allow just payments made for his benefit. *Held also*, that upon exceptions to a sworn account of the purchase money, filed by the purchaser in answer to the prayer of the bill, he was not under the *onus* of proving the existence of the debts paid by him and sought to be set off.

In this case the purchase money was payable by instalments *in futuro.* There was no stipulation in the contract of sale with respect to the time of delivering possession of the land ; but after the sale and before the instalments had all become due, the purchaser, with the vendor's consent, entered into possession. *Held*, that he did not thereby become chargeable with interest on the unpaid purchase money from the date of such possession, in the absence of any stipulation to that effect in the contract of sale.

BILL FOR AN ACCOUNT AND A DECREE FOR PURCHASE MONEY. —The complainant, Luke Lofland, by written articles, dated July 1st, 1823, contracted to convey to the defendant, Joseph Maull, certain real estate for the consideration of $2500,00, to be paid in five annual instalments of $500,00 each, the first payment to be made January 1st, 1823. The articles contained no stipulation as to the time when a conveyance should be executed, or when possession should be delivered. Nor was there any stipulation with respect to the payment of interest. The possession was in fact delivered to Maull at the time of executing the articles, the complainant believing, as his bill alleged, that he would be entitled to interest on the purchase money from the delivery of possession ; but no agreement to that effect was alleged in the bill, and any such agreement was denied by the answer. On the 7th July, 1824, Lofland executed a deed conveying the title to Maull.

The defendant afterwards paid sundry debts of the complainant, which payments he claimed as credits against the purchase money. He also claimed that he was chargeable with interest on the purchase money only from the time at which it was made payable by the articles. According to this mode of settlement the defendant owed the complainant nothing, but had in fact a little overpaid the purchase money. The complainant was willing to allow to the defendant, as credits, certain judgments and executions, which the defendant had paid, agreeably to a stipulation in the written contract, to the amount of $500,00; but he objected to the allowance of other debts, which the

defendant had paid without authority. He also insisted upon charging the defendant with interest on the purchase money from the date of the articles, upon the ground that the defendant had from that date held possession of the premises, to which he had no claim, under the articles, until the conveyance of the title. Upon the complainant's basis of settlement a considerable balance was due to him. In this state of the controversy, the present bill was filed March 1st, 1823, praying that the defendant should file an account of the purchase money, and of his payments made in discharge of it, and should be decreed to satisfy to the complainant such balance as should be found to be due to him. After answer filed and issue joined, the late Chancellor Ridgely made an interlocutory decree for an account of all judgments and executions, due from the complainant and paid by the defendant, and also all other his disbursements, distinctly showing what were made upon written orders and what were made without orders, with the dates, amounts, &c. Leave was granted to except to such account when filed, and for the examination of witnesses. The defendant filed an account, in accordance with his claim as above stated, to which the complainant excepted, objecting to the allowance, as credits, of certain debts which had been paid without his order, and claiming to charge the defendant with interest on the purchase money from the date at which possession of the premises was delivered. Depositions were read, on behalf of the defendant, tending to show that the premises sold were of less value than the purchase money; that they were in bad condition; and that the defendant had incurred more expense to put them in order than the rental was worth. It was also proved that, at the time the articles were drawn and executed, nothing was said as to the payment of interest before the purchase money was to become due. Depositions were also read, proving written orders of the complainant in favor of some of his creditors, and tending to prove, by

46

the complainant's declarations, a general authority, in the defendant for the payment of the debts.

The case came before the present Chancellor, at the July Term, 1830, upon the exceptions filed to the account of the defendant, and upon the proofs taken.

*Robinson*, for the complainant.

1. There is not sufficient proof of a general authority to the defendant to apply the purchase money to the complainant's debts; and in the absence of this he can be credited only with the debts paid under the complainant's special order, written or verbal. It would not be permissible to prove the existence or validity of the debts in order to support payments made without authority; for no such issue is triable in this cause. To admit it would be a surprise on the complainant. And were the existence of the debts in question, still the *onus* would be upon the defendant to prove them, and no such proof is in the cause. We cannot be held to prove the non-existence of debts. We object, then, to any credit for the payment of debts by the defendant without the complainant's order.

2. With respect to interest on the purchase money, our claim to it from the date of the articles rests not upon contract, but upon the equity arising out of the defendant's having had possession of the premises before he was entitled to a conveyance under the contract. No time for a conveyance and delivery of possession being stipulated, the defendant was not entitled until he should pay the purchase money. The allowance of interest is a subject lying within the discretion of the Court, depending upon the equities of the case; and such an equity, we insist, is sufficiently supported by the defendant's enjoyment of the property before he became entitled to it under the con-

tract. *Sugd. on Vend.* 358 : 3 *Dessaus. Rep.* 555 : *Jeremy's Equity,* 447.

*J. M. Clayton* and *Layton,* for the defendant.

1. The proof establishes a general authority to apply the purchase money to the complainant's debts. Two witnesses testify to his own declaration that Maull was to pay his debts. But apart from this, Maull by paying the debts became a creditor in equity, and is entitled to set them off against the purchase money. Nor were we bound, in order to entitle us to the benefit of the debts, to prove their existence. The answer and account are under oath, and are sufficient if not contradicted by two witnesses or by one with circumstances; and there is no evidence against them.

2. We object to the claim for interest. The settled rule is that interest is chargeable, either under contract or for default in payment of the principal. 2 *Burr.* 1081 : 1 *H. Blk.* 227 : 13 *Vin. Abr. Title. Int.* 499: 1 *P. Wms.* 541: 1 *Madd. Ch. P.* 441 : *Sugd. on Vend.* 353, 361. Even if interest may be allowed in a court of equity upon equitable grounds, in the absence of contract, still this case presents no such equity. The possession of the premises was no more than the defendant was entitled to. The contract was for a conveyance within reasonable time, which was in effect for an immediate conveyance. The vendor thus became a trustee for the vendee, and the latter was entitled both to a conveyance and to the possession. Further, whatever effect the delivery of possession might be supposed to have generally on the question of interest, in this case it is proved that there were in fact no rents and profits. The equity therefore is against rather than in favor of interest, on the ground of possession.

*Robinson,* in reply.

If the defendant is entitled to be allowed for debts paid

without authority, he is at least bound to prove the existence of the debts. His answer on this point is not responsive to the bill. His allegation that he applied the purchase money to complainant's debts is new matter, and being put in issue by the replication must be proved.

JOHNS, SR., CHANCELLOR.—The bill is filed by a vendor of land against the purchaser for an account and for the recovery of a balance of the purchase money. An account was decreed and taken, from which it appears that the purchaser has paid, within the times mentioned in the written contract, the whole purchase money and $32.32 over. This result depends upon the allowance to the defendant, as credits in the account, of certain debts which he claims to have paid for the complainant, and also upon his not being charged interest on the purchase money before the instalments became due.

The complainant's counsel objects to the account upon two grounds.

*First,* That a part of the debts, if paid, were paid without authority; and that these being deducted will leave a balance due to the complainant. And he insists that, under the circumstances, a court of equity will give him relief by a decree for such balance.

This ground of objection raises several questions.

1. The first is a question of fact. Were these debts paid with the consent or approbation of the complainant ? It is not positively proved that the complainant gave a written or verbal authority in every case ; yet, there is sufficient proof to satisfy the Court that there was an understanding between the parties as to the payment of the debts ; and, if the debts paid were just debts, it is the opinion of the Court that they ought to be allowed as credits in the account.

It is objected that there should be proof on the part of

the defendant as to the existence of the debts prior to their payment,—that the complainant cannot prove their non-existence, and that the *onus probandi* is on the defendant. This objection is not sufficient. If difficulty of proof exists, it is from the complainant's own act in prosecuting his claim in a court of equity. It might indeed have been necessary for him to come into this Court for a discovery and to obtain an account to enable him to recover at law. But after an account he might have proceeded at law ; and there the *onus probandi* as to the existence of the debts and payments would have been on the defendant. The complainant has chosen to proceed to a final decree in this Court, and the difficulty is one of his own creating. There can be no surprise upon the complainant in this case. The exceptions to the accounts put the matter in issue. It is not necessary to consider precisely how far the account is to be taken as evidence ; but being made under oath, in answer to the prayer of the bill, it must have some effect as evidence with respect to matters about which there is no proof to the contrary.

2. But further,—with reference to the allowance of the debts there is another question. Is proof of the complainant's authority for their payment by the defendant necessary ? Suppose it to be the case of purchase money ($2,000.00) payable in five instalments, without any stipulation as to how it should be paid. Then, the broad question would be, what is payment ? Would it include only debts paid by order of the complainant, or would it not in equity extend to any debt actually due from the complainant and paid by the defendant ?

It is sufficient to say that the complainant, having come into this Court for its aid, must do equity. And if debts due from him have been paid, he will be required, in seeking relief here, to allow such payments. This Court will deal with the case upon equitable principles. If the complainant insists upon his strict legal rights under the

articles of agreement, his remedy is in a court of law. Under this view, his bill, on this part of the case, ought to be dismissed for a want of equity.

*Second*,—The next objection to the account has respect to the interest. The complainant seeks to charge the defendant with interest from the date of the articles.

This claim is not made on the ground of the written contract; for the terms of the contract do not warrant it. Nor does the complainant's counsel dispute the general rule of law, for which authorities were cited and which to my knowledge has been established law in Delaware for fifty years, that interest can be demanded only from the time mentioned in the agreement.

The interest is claimed to run from the date of the articles, on the ground that the parties so intended, but omitted to insert a provision to that effect in the contract. There is an entire failure of proof on this point. Even if there had been such proof, it would have been necessary to consider whether parol testimony would be admissible for such a purpose.

But the interest is claimed on the further distinct ground that after the sale and before the purchase money was paid, the vendor permitted the purchaser to take possession of the land,—which, it is insisted, implies an agreement on the part of the purchaser to pay interest.

I have examined and considered the authorities cited to this point, and am of opinion that they do not apply to such a case as this. I know of no rule or principle of law out of which such an obligation could arise. It would be against reason and common sense.

The reason assigned for such an obligation is, that the purchaser cannot compel a conveyance until he pays *all* the purchase money; and, therefore, if he gets possession it is a consideration for which he ought to pay interest. This position assumes what is not true in fact. The contract

is that the complainant shall convey " at the reasonable request" of the defendant. This the law considers to be forthwith or immediately. The conduct of the parties, by the execution of a deed in 1824, before the purchase money had been all paid, is evidence that they understood such to be the nature of the contract.

Again, the ground taken rests upon what is not true as a principle of law, viz ; that the obtaining possession is a consideration which creates an equitable obligation to pay interest. Consider the nature and effect of the contract. The defendant became the owner. He had the equitable title. The complainant, if he retained the title, would have been a trustee for the defendant and accountable to him for the profits. It is too absurd a principle to be admitted, and is contrary to equity, that if the defendant took possession of his own property, which it was lawful for him to do, that such an act should make him liable to pay a larger sum for the land than he had agreed to pay ; that the legal effect of doing a lawful act—of exercising a right by possessing himself of his own property, should make the defendant liable to pay interest beyond and in contradiction to the express terms of the written contract. I am of opinion that the claim for interest cannot be sustained.

The exceptions to the account must be overruled and the bill dismissed with costs.